UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

**FEDERICO GOMEZ LUCAS,**
Individually and on behalf of all
similarly situated people,

        Plaintiff,

vs.

**JBS PLAINWELL, INC., SMITHFIELD
BEEF GROUP-PLAINWELL, INC. and
PACKERLAND-PLAINWELL, INC.,**
Foreign Corporations,

        Defendants.
_____/

Case No.

Hon.

## **PLAINTIFF'S COLLECTIVE ACTION COMPLAINT AND JURY DEMAND**

NOW COMES the Plaintiff, FEDERICO GOMEZ LUCAS, by and through his attorneys, TURNER & TURNER, PC, SOMMERS SCHWARTZ, PC, and THE AVANTI LAW GROUP, PLLC, and states as follows:

### **PRELIMINARY STATEMENT**

1.    This is a civil action brought on behalf of the named Plaintiff, and all those similarly situated, who worked for Defendants during the last three years performing general labor in the State of Michigan. Plaintiff and putative class members complain that the Defendants failed to pay them the overtime compensation to which they were entitled under the Fair Labor Standards Act (FLSA), 29 USC §201 et seq.

2.    Named Plaintiff is an employee who is entitled to compensation and prompt payment of amounts that the employer owes an employee when the employee works, quits or is terminated, and other compensation and working conditions that are prescribed by law.

3.    Named Plaintiff, and others similarly situated (hereinafter referred to as "FLSA Plaintiffs") are, in general, insular minorities or no proficiency in the English language

and are unfamiliar with labor protections provided by federal law. Defendants exploited FLSA Plaintiffs' inabilities to speak or understand English, and their ignorance of United States laws to underpay them.

4. Plaintiff and putative class members seek a declaration that their rights have been violated including the violation of their rights under the FLSA, an award of unpaid wages, an award of liquidated damages, and an award of attorney fees and costs to make them whole for damages they have suffered, and to ensure that they and future workers will not be subjected by the Defendants to such illegal conduct in the future.

## JURISDICTION & VENUE

5. This Court has federal question jurisdiction over this action pursuant to 28 USC §1331 and §16(b) of the Fair Labor Standards Act ("FLSA"), 29 USC §216(b).

6. Venue is proper in this district pursuant to 28 USC §1391(b) and (c).

7. This Court has supplemental jurisdiction over the state law claims pursuant to 28 USC §1367.

8. Each Defendant is or was an enterprise engaged in commerce or in the production of goods for commerce, as defined by the FLSA.

9. Plaintiffs were or are either (1) engaged in commerce, or (2) engaged in the production of goods for commerce, or (3) employed in an enterprise engaged in commerce or in the production of goods for commerce.

10. This Court has personal jurisdiction over the Defendants because they conduct business in Michigan, and committed the unlawful acts described herein in Michigan.

## PARTIES

11. The Plaintiff, Federico Gomez Lucas, is a resident of Kent County, Michigan. Named Plaintiff and FLSA Plaintiffs (hereinafter referred to collectively as "Plaintiffs") bring this action on behalf of all current and former persons who were, are, or

will be employed by Defendants in Michigan to perform labor in the meat processing business, which includes but is not limited to, general labor in the assembly line at any time within the three years prior to the filing of the initial complaint and through the final disposition of this action, who were, are or will be eligible for but did not receive overtime compensation or proper wages.

12. The Defendants JBS-Plaintiff, Inc., Smithfield Beef Group-Plainwell, Inc., and Packerland-Plainwell, Inc. (collectively hereinafter "Packerland" or "Defendants") are Delaware corporations who are currently doing business at 11 11th Street, Plainwell, Michigan, 49080-9711, or were previously doing business at that address.

## GENERAL ALLEGATIONS

13. At all times relevant to this complaint, Plaintiff worked for Defendants meat processing facility as a "Bone Chucker." The Defendants in this case are subsidiaries or predecessors of JBS one of the largest meat producing companies in the world.

14. The Plaintiff worked for the Defendants beginning January, 2001.

15. During his employment with Defendants, Plaintiff was supervised in all aspects of his work.

16. Defendants made all decisions directly affecting the Plaintiff.

17. During his employment, Defendants provided Plaintiff with tools and instructions to perform the work.

18. During his employment, Defendants set the Plaintiff's work schedules.

19. During his employment, Defendants chose who worked and who did not work on particular days and/or assignments.

20. Plaintiff worked in excess of forty (40) hours per week during the course of his employment.

21. Plaintiff was paid an hourly rate of $13.50 per hour as of August of 2010.

3

22. On or about September of 2010, his pay was reduced to $11.82 dollars per hour.

23. Plaintiff was not paid the minimum wage for all hours worked.

24. Plaintiff was not paid time and one half for every hour he worked over forty (40) hours per week.

25. Plaintiff's employment with Defendants has not been terminated.

26. As a matter of policy, Plaintiff was required to don (charge into) protective clothing prior to punching-in, and before restarting his shift immediately after lunch.

27. As a matter of policy, Plaintiff was required to doff (change out of) protective clothing before entering the cafeteria during lunch, and after punching-out at the end of his shift.

28. Donning and doffing consumed approximately ten minutes each time, four times per day.

29. At all times relevant to this action, Defendants were Plaintiff's "employers" within the meaning of the FLSA, 29 USC 203(d).

30. At all times relevant to this action, Defendants "suffered or permitted" Plaintiff to work and thus "employed" Plaintiff within the meaning of the FLSA, 29 USC 203(g).

31. At all times relevant to this action, Plaintiff was an "employee" of the Defendants within the meaning of the FLSA, 29 USC 203(e)(1).

32. At all times relevant to this action, Defendants were the owner and/or operator of the meat packing plant located at 11 11th Street, Plainwell, Michigan, where the Plaintiff and FLSA Plaintiffs were employed.

## COLLECTIVE ACTION ALLEGATIONS

33. All claims set forth in Count I of this action are brought pursuant to the FLSA, 29 USC 216(b). Named Plaintiff brings this count on his own behalf and on behalf of

all other current or former employees who (1) worked or are working for Defendants at any time in the three years prior to the filing of this action, and (2) were or are subject to the violations of the FLSA described in Count I. Named Plaintiff does not bring this action on behalf of any executive, administrative, and professional employees exempt from coverage under the FLSA.

34. With respect to Count I, a collective action under the FLSA is appropriate because under 29 USC 216(b) the employees described are "similarly situated" to the named Plaintiff.

35. The class of employees on behalf of whom Plaintiff brings this collective action are similarly situated because they have been or are employed in the same or similar positions as the individually named Plaintiff, were or are subject to the same or similar unlawful practices, policy or plan as the individually named Plaintiff, and their claims are based upon the same legal theory as the individually named Plaintiff.

36. The precise numbers of class individuals are known only to the Defendants, and are believed to include well over five hundred (500) individuals.

## FACTUAL ALLEGATIONS

37. Plaintiff routinely worked over eight (8) hours per day, forty (40) hours per week, and received pay on a weekly basis.

38. The terms and conditions of employment offered by Defendants required Plaintiff and others similarly situated to work additional hours, and punch-in after donning personal protective equipment.

39. Plaintiff, and others similarly situated, were also required to punch-out before doffing personal protective equipment.

40. Plaintiff, and others similarly situated, were required to doff protective gear prior to entering the cafeteria to eat lunch during their lunch break.

41. Plaintiff, and others similarly situated, were required to don protective gear prior to the end of their lunch break in order to begin work.

42. As a result of donning and doffing personal protective equipment during the lunch break, the Plaintiff, and other similarly situated employees, were denied a full thirty (30) minute lunch break and were denied overtime pay for this time.

43. As a result of donning and doffing personal protective equipment, the Plaintiff, and other similarly situated employees, did not have the full thirty (30) minute lunch break free and clear for their own personal time.

44. As a result of Defendants' employment policy, the Plaintiff, and other similarly situated employees, were not compensated for the time spent donning and doffing their required protective gear before and after the start of his shift and during their unpaid lunch time.

45. As a matter of policy that Defendants applied to Plaintiff, and all other similarly situated employees, the employees were not properly compensated for all the time they suffered or were permitted to work.

46. As a result of Defendants' policy, Plaintiff didn't receive premium wages for time worked and overtime premium as mandated by the FLSA.

47. At all relevant times, Defendants suffered or permitted Plaintiff, and all other similarly situated employees, to work or provide services to them.

48. During their employment with Defendants, Plaintiff and FLSA Plaintiffs generally worked in excess of forty (40) hours in a work week.

49. Defendants did not pay Plaintiff, and FLSA Plaintiffs, wages for all hours worked.

50. Defendants did not pay Plaintiff, and FLSA Plaintiffs, the overtime premium for all hours worked in excess of forty (40) hours per week.

## COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 USC §201 ET SEQ-FAIURE TO PAY OVERTIME WAGES AND PAY FOR ALL HOURS WORKED

51. Plaintiff re-alleges and incorporates herein all previous paragraphs.

52. At all relevant times, Defendants have been "employer(s)" within the meaning of the FLSA, 29 USC §203.

53. At all relevant times, Plaintiff and FLSA Plaintiffs, were "employee(s)" of the Defendants as the term is defined under the FLSA.

54. At all times relevant to this action, Defendants "suffered or permitted" the Plaintiff and FLSA Plaintiffs to work and thus "employed" them within the meaning of FLSA, 29 USC §203(g).

55. The FLSA requires an employer to pay employees the federally mandated minimum wage as well as an overtime premium rate of one and half times their regular rate of pay for every hour worked in excess of forty (40) hours per work week, 29 USC §206.

56. Defendants violated the FLSA by failing to pay the Plaintiff the federally mandated minimum wage for all hours worked as well as failing to pay the Plaintiff an overtime premium for all hours worked in excess of forty (40) hours per work week.

57. Defendants' violations of the FLSA were knowing and willful.

58. By failing to compensate Plaintiff, and FLSA Plaintiffs, at a rate not less than minimum wage and not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, Defendants have violated the FLSA, 29 USC §201, et seq, including 29 USC §206(a)(1), §207(a)(1) and §215(a). All similarly situated employees are victims of a uniform and company-wide enterprise which operates to compensate employees at a rate less than the federally mandated overtime wage rate. This uniform policy, in violation of the FLSA, has been, and continues to be, applied to all employees who have worked or are working for Defendants in the meat packing plant.

7

59. The FLSA, 29 USC §216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid minimum and overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief:

A. Certifying this case as a collective action in accordance with 29 USC §216(b) with respect to the FLSA claims set forth in Count I;

B. Order Defendants to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all those individuals who are similarly situated, and permitting Named Plaintiff to send notice of this action to all those similarly situated individuals including the publishing of notice in a manner that is reasonably calculated to apprise the potential class members of their rights under this litigation;

C. Designation of Named Plaintiff as Representative of the Plaintiffs;

D. Declaring that Defendants willfully violated the Fair Labor Standards Act and their attendant regulations as set forth in Count I;

E. Declaring that Defendants violated their obligations under the FLSA;

F. Granting judgment in favor of Plaintiff and against Defendants, jointly and severally, on Plaintiff's Fair Labor Standards Act claim as set forth in Count I and awarding each the amount of his/her unpaid overtime wages, along with an equal amount as liquidated damages;

G. Awarding Plaintiff the costs of this action;

H. Awarding Plaintiff reasonable attorneys fees pursuant to the FLSA, 28 USC §201, et seq;

I. Awarding Plaintiff pre- and post-judgment interest on their damages;

J. Defendants pay pre-judgment interest to Plaintiff on these damages;

K. The Court grant such other and further relief as the Court may deem just or equitable.

## JURY DEMAND

NOW COMES Plaintiff, by and through his attorneys, TURNER & TURNER, PC, SOMMERS SCHWARTZ, PC, and THE AVANTI LAW GROU, PLLC, and hereby demands

a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the Court Rules and statutes made and provided with respect to the above entitled cause.

s/Matthew L. Turner (P48706)
Turner and Turner, P.C.
26000 W. 12 Mile Rd.
Southfield, MI 48034
(248)355-1727
matt@turnerandturner.com

Jason J. Thompson (P47184)
Daniel D. Swanson (P29288)
Jesse L. Young (P72614)
Sommers Schwartz, P.C.
2000 Town Center, Suite 900
Southfield, MI 48075
(248) 355-0300
jthompson@sommerspc.com

Robert A. Alvarez (P66954)
Avanti Law Group, P.L.L.C.
600 28th Street S.W.
Wyoming, MI 49509
(616) 257-6807
ralverez@avantilaw.com

Dated: March 24, 2011