UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

------

| | | |
|---|---|---|
| FEDERICO GOMEZ LUCAS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:11-cv-302 |
| | ) | |
| v. | ) | Honorable Paul L. Maloney |
| | ) | |
| JBS PLAINWELL, INC., et al., | ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendants. | ) | |
| _____ | ) | |

This is a civil action brought under the Fair Labor Standards Act (FLSA) challenging defendants' alleged practice of failing to pay certain employees for the time they spend donning and doffing equipment necessary for their work. Plaintiff's complaint purports to allege a collective action brought on behalf of similarly situated employees pursuant to 29 U.S.C. § 216(b). On June 13, 2011, the court entered a first case management order identifying the viability of this case as a collective action as the first issue to be taken up by the court. The initial case management order (docket # 15) granted a three-month period for discovery relevant to certification of a collective action and directed plaintiff to file his motion for conditional certification no later than October 14, 2011. The order established a briefing schedule for that issue, leaving all other matters for a further case management conference after a decision on the motion for conditional certification.

On August 1, 2011, plaintiff filed a "Memorandum of Law" in support of plaintiff's pre-discovery motion to proceed as a collective action, for court authorized notice, and for disclosure of contact information for potential opt-in plaintiffs. The memorandum of law, although purporting to be in support of a motion, stands alone in the record and is not accompanied by a formal motion.

Beyond that shortcoming, however, the memorandum of law addresses the issues germane to the question of collective action certification and contains an explicit request, in the "conclusion" section of the memorandum, for allowance of a collective action pursuant to 29 U.S.C. § 216(b). Defendants ignored plaintiff's filing for a full three months, until submitting a motion to strike plaintiff's memorandum of law. (docket # 33). Defendants' motion to strike and supporting brief raise three objections: (1) plaintiff failed to file a formal motion, in violation of W.D. Mich. LCivR 7.1(a); (2) plaintiff's memorandum of law exceeds the page limitation for nondispositive motions established in W.D. Mich. LCivR. 7.3(b); and (3) plaintiff's counsel failed to confer with defense counsel prior to seeking relief, in violation of W.D. Mich. LCivR 7.1(d). Chief Judge Paul Maloney has referred the motion to strike to me for decision pursuant to 28 U.S.C. § 636(b)(1)(A). For the reasons set forth below, I find that the motion to strike is meritless.

## Discussion

The principal flaw in defendants' motion to strike is that defendants cite no authority supporting such relief. Motions to strike are authorized by Rule 12(f) of the Federal Rules of Civil Procedure, which authorizes the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). By its terms, Rule 12(f) applies only to a "pleading," which is defined in Rule 7(a) to include only complaints, counterclaims, cross-claims, third-party complaints, and answers to those documents. A memorandum of law is decidedly not a "pleading" that may be the object of a motion to strike under Rule 12(f). The cases are legion in holding that motions, briefs, and the like are not pleadings that can be stricken under the authority of Rule 12(f). *See Fox v. Michigan State Police Dep't*, 173 F. App'x 372, 375 (6th Cir. 2006); *United States v. Crisp*, 190 F.R.D. 546, 550-51 (E.D. Cal. 1999) (The Rules "do not provide for a motion to strike documents or portions of documents other than

pleadings."); *Lowery v. Hoffman*, 188 F.R.D. 651, 653 (M.D. Ala. 1999) ("Motions, briefs or memoranda, objections, or affidavits may not be attacked by the motion to strike."). Consequently, defense counsel's criticism that plaintiff's counsel has violated the Local Rules is overshadowed by defense counsel's own disregard of the Federal Rules of Civil Procedure. "And why beholdest thou the mote that is in thy brother's eye, but considerest not the beam that is in thine own eye?"

Beyond the fact that the rules do not sanction the relief that defendants seek, defendants' motion is captious and does not justify ignoring the opponent's request for relief for a three-month period. Defendants' first objection is niggling in the extreme. Local Rule 7.1(a) provides that all motions must be accompanied by a supporting brief. This does seem to contemplate that the motion and brief will be in separate documents. The federal rules define a motion, however, as a writing stating with particularity the grounds for seeking the order and the relief sought. FED. R. CIV. P. 7(b)(1). Plaintiff's memorandum of law is in writing, states with particularity the grounds for relief and identifies the relief sought. Plaintiff's submission therefore qualifies as a motion, no matter how denominated. Plaintiff's decision to file a motion and brief in a single document is not commendable and creates the occasion for confusion. It is clear enough, however, from a review of plaintiff's submission that plaintiff is seeking a conditional certification of a collective action and ancillary relief. The consolidation of a motion and a brief into a single document does not comply with the letter of Local Rule 7.1(a), but is not a reason to strike anything.

Second, defendants condemn plaintiff's brief as a violation of Local Rule 7.3(b), which creates a ten-page limit for briefs in support of or opposition to a nondispositive motion. If defense counsel had read Local Rule 7.2(a), which appears on the same page, they would have seen that a motion "to permit maintenance of a class action" is defined as a dispositive motion. The page

limit for briefs in support of dispositive motions is twenty-five pages, *see* W.D. MICH. LCIVR 7.2(b), which plaintiff has complied with.

Finally, defense counsel faults plaintiff's counsel for failing to certify compliance with W.D. Mich. LCivR 7.1(d), which requires the moving party to ascertain whether a motion will be opposed. Plaintiff indeed has failed to comply with this requirement of the rules. This defect does not justify striking a motion from the record. Rather, the court's standard practice is to hold consideration of an uncertified motion in abeyance until such time as plaintiff's counsel complies with the mandatory requirement of Local Rule 7.1(d) and files a certification to this effect.

## Conclusion

The law firms on both sides of this case have demonstrated an unsettling lack of attention to detail and good practice. Plaintiff's filing of a supporting brief without an underlying motion was sloppy. Defendants' decision to ignore the motion for three months was dilatory, and their motion to strike was unsupported in law and nit-picking. Plaintiff will be ordered to comply with the requirements of Local Rule 7.1(d) by filing a certification, after which defendants will be required to file a response to plaintiff's motion to certify class or for other relief. Counsel are admonished to exercise more care, and better judgment, in the future.

Dated: November 8, 2011           /s/ Joseph G. Scoville
                                  United States Magistrate Judge