UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BASHIR TOLIVER,         )<br>     Plaintiff,      )<br>                         )<br>-v-                      )<br>                         )<br>JBS PLAINWELL, INC.,     )<br>SMITHFIELD BEEF GROUP-PLAINWELL, INC., )<br>and                      )<br>PACKERLAND-PLAINWELL, INC.,   )<br>     Defendants.     )<br>_____) | No. 1:11-cv-302<br><br>HONORABLE PAUL L. MALONEY |

## ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

In this collective action suit brought under the Fair Labor Standards Act, seven of the approximately 80 opt-in plaintiffs accepted Defendants' offers of judgment in amounts between $110 and $215. In total, these plaintiffs recovered $1,032.50. Plaintiff has now filed a motion for attorney's fees, asking this court to award his counsel $140,131.95 for their work on this case. (ECF No. 161.)

Attorney's fees must be reasonable. Typically, this is determined using a "lodestar" approach that looks to "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). But under any rational interpretation of this term, Plaintiff's request is unreasonable. Counsel fail to show how their claimed hours, at what appear to be exorbitant hourly rates, were "reasonably expended" on the recovery of <u>these</u> seven plaintiffs, who recovered via settlement rather than any substantive ruling by this court. Indeed, counsel appear to have simply claimed all of their time spent on this matter thus far, without excluding any time or reducing the amounts to account for the fact that approximately 90% of their clients have not yet recovered anything from this suit. This is the antithesis of reasonable. Further, while "there is no requirement that the amount of an award of

attorneys' fees be proportional to the amount of the underlying award of damages," *Bldg. Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1401 (6th Cir. 1995), the court may also consider other factors, including the results obtained for the client, in determining the amount of a fee award. *See Hensley*, 461 U.S. at 434. Counsel has garnered these seven plaintiffs little more than a nominal recovery—certainly nothing that would call for attorney's fees of more than 100 times the recovery amount.

In any case, a motion for attorney's fees in this matter is premature. Awarding fees at this point—even as a proportion of the time counsel has spent on this matter—would greatly complicate any later motions for attorney's fees. Such an award is not necessary to secure prompt appellate review of important issues, to promote judicial efficiency, or to serve any other legitimate goal. Instead, these goals would best be served by delaying consideration of fee issues until this suit has been fully resolved. Rule 54 contemplates such decisions by the courts; its schedule for motions for attorney's fees applies "[u]nless a statute or a court order provides otherwise." The notes to the 1993 Amendments to this rule explain, albeit in the context of an appeal, that a court "may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing," if it sees fit. *See also Mich. Bldg. & Const. Trades Council, AFL-CIO v. Snyder*, No. 11-cv-13520, 2012 WL 1893516, *2 (E.D. Mich. May 23, 2012).

For these reasons, this court hereby **DENIES** Plaintiff's motion for attorney's fees (ECF No. 161) **WITHOUT PREJUDICE** to refiling after the remaining opt-in plaintiffs' claims are resolved.

**IT IS SO ORDERED.**

Date:  July 3, 2013              /s/ Paul L. Maloney
                                                                             Paul L. Maloney
                                                                             Chief United States District Judge