UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

—————

| | | |
|---|---|---|
| BASHIR TOLIVER, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 1:11-cv-302 |
| | ) | |
| v. | ) | Honorable Paul L. Maloney |
| | ) | |
| JBS PLAINWELL, INC., et al., | ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendants. | ) | |
| _____ | ) | |

This is a civil action brought under the Fair Labor Standards Act. Plaintiffs in this conditionally certified collective action assert that defendants refused to pay hourly production employees for the time spent donning and doffing required personal protective clothing before and after their shifts. Presently pending before the court is a motion by plaintiff to strike from the record and to preclude defendants from using two time studies that defendants have presented to the court in support of certain motions. Plaintiffs argue that the time studies should be excluded on a number of grounds. It is unnecessary to adjudicate all of plaintiffs' proffered reasons for the exclusion of the time studies, as two grounds suffice. Defendants failed to disclose the time studies, or an authenticating witness with knowledge, as required by Fed. R. Civ. P. 26(a)(1). This failure requires preclusion from evidence under Rule 37(c)(1). Furthermore, the documents are unauthenticated and are hearsay.

**The Challenged Time Studies**

On June 12, 2012, defendants moved for partial summary judgment. Attached to their brief was a document purporting to be a time study on pre- and post-shift preparation. (docket # 119-3, ID# 854). The document was not authenticated by any affidavit indicating the methodology used or even identifying the person or entity who performed the study. Further, no affidavit established that the time study would be admissible under a recognized exception to the hearsay rule. Defendants' brief affirmatively relied upon the unauthenticated time study to establish the time necessary to put on or take off certain protective equipment, in support of an argument that the times were "*de minimis*." (Brief at 2, 11-12, docket # 119, ID#s 818, 827-28). The court ultimately denied the summary judgment. The court's opinion did, however, take notice of defendants' purported time study (Op. at 11, docket # 169, ID# 1777), which the court had been led to believe was an "internal study" by defendants.

On October 18, 2013, defendants filed their motion to decertify the conditionally certified collective action, which remains unresolved. Attached to defendants' motion as Exhibit D is a document purporting to be a ten-page time study (docket # 178-4, ID#s 1848-57). Defendants rely on the time study to establish the time required for the average employee to put on or take off certain protective equipment. (Brief at 2, ¶ 4, docket # 178, ID# 1807). They cite the time study in support of an argument that "plaintiffs' claims concerning the time it takes to don and doff protective clothing are very dissimilar and are also significantly different from Defendants' time studies." (Brief at 13, ID# 1818). The time study is not supported by any affidavit authenticating the study or establishing its methodology. Furthermore, no affidavit establishes that the document would be admissible into evidence under some exception to the hearsay rule.

-2-

On December 10, 2013, plaintiffs moved to strike both time studies and to preclude their further use.  Plaintiffs' motion raised numerous grounds for the requested relief, which may be summarized as follows:  (1) defendants failed to disclose the time studies or an authenticating witness, as required by Fed. R. Civ. P. 26(a)(1); (2) defendants should have produced the time studies in response to numerous discovery requests as well as a discovery order entered by the court; (3) the time studies are unauthenticated and are hearsay.  (Brief, docket # 185).  Defendants filed a response labeling plaintiffs' motion "specious" and accusing opposing counsel of flagrantly attempting to mislead the court.  (Brief at 1, docket # 190, ID# 2239).  Specifically, defendants argued that disclosure of the time studies under Rule 26(a)(1) was not required because the time studies would be offered, if at all, "solely for impeachment."  (*Id.* at 2, ID# 2240).  In making this argument, defendants ignored the fact that they had already submitted these documents to the court as substantive proof of the time certain procedures generally require.  They argued that plaintiffs' discovery requests did not call for production of time studies and that the studies had been produced once plaintiffs made a specific request.  Finally, defendants dismissed as premature plaintiffs' complaint that the time studies were unauthenticated hearsay.  (*Id.* at 9, ID# 2247).  Without explaining why, defendants asserted that the time studies are "admissible evidence" and that defendants are under no obligation to authenticate them until trial.  Defendants' brief made no effort to identify the source of the time studies.  Again, defendants ignored the fact that they had already filed the time studies in support of dispositive motions and had relied on them as evidence proving facts of consequence to the outcome of the case.

The court conducted a hearing on plaintiff's motion on January 30, 2014.  During oral argument, the court asked defense counsel about the origin of each time study.  Counsel admitted,

for the first time, that no one knew the origin of the first time study and that it could not be authenticated -- this despite defendants' reliance on the study in support of their summary judgment motion and in direct contradiction to the written representation to the court only thirty days earlier (docket # 190, ID# 2247) that the time studies are "admissible evidence."

## **Disclosure Requirement**

Rule 26(a)(1)(A) requires parties to disclose documents that it "may use to support its claims or defenses, unless the use would be solely for impeachment." The same rule requires disclosure of the name of persons likely to have discoverable information that the disclosing party may use "to support its claims or defenses, unless the use would be solely for impeachment." The provisions of Rule 37(c)(1) enforce this disclosure obligation by providing that a party who fails to make proper disclosure "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial" unless the failure was substantially justified or is harmless. Plaintiffs seek relief under Rule 37(c)(1) for defendants' admitted failure to disclose the existence of the time studies as required by Rule 26(a) and their further failure to identify any witness who might authenticate the document for purposes of introduction into evidence. Although defendants admit that they never disclosed the documents, they steadfastly maintain that they were not required to do so, because they are being used "solely for impeachment" within the meaning of Rule 26(a)(1).

Defendants' position is unsustainable. They have already used both documents in an affirmative fashion: the first in support of a motion for summary judgment and the second in support of a motion to decertify. Defendants' understanding of the "impeachment" exception is grossly distorted. In defendants' view, anything that tends to undermine the plaintiffs' case is used "solely

-4-

for impeachment" and therefore is not subject to disclosure. Defendants' exception would swallow Rule 26(a).

Impeachment evidence is evidence offered to discredit a witness by bringing forth reasons why the jury should not put faith in the witness's testimony. *See Friedman v. Rehal*, 618 F.3d 142, 153 (2d Cir. 2010) (citing *Chiasson v. Zapata Gulf Marine Corp.*, 988 F.2d 513, 517 (5th Cir. 1993)). Evidence treatises identify a number of general types of impeachment evidence, including impeachment for bias, impeachment based on mental incapacity or an inability to observe, remember or narrate, impeachment by contradiction, impeachment based on prior inconsistent statements, and impeachment based on character for truthfulness. *See, e.g.,* 4 WEINSTEIN'S FEDERAL EVIDENCE §§ 607.04-607.08 (2d ed. 2004). The unifying feature of impeachment evidence is its focus on the credibility of the witness herself. By contrast, substantive evidence is that which is offered to establish the truth of a matter to be determined by the trier of fact. *See Chiasson*, 988 F.2d at 517. In arguing that the time studies are exempt from disclosure because they are used "solely for impeachment," defendants ignore this distinction and mistake rebuttal evidence for impeachment evidence. "Impeachment is an attack on the credibility of a witness, whereas rebuttal testimony is offered to explain, repel, counteract, or disprove evidence of the adverse party." *Sterkel v. Fruehauf Corp.*, 975 F.2d 528, 532 (8th Cir. 1992). Defendants have already used the time studies as substantive evidence, by relying on them to establish controverted facts in the case -- the time actually required to don and doff protective equipment. This represents the use of the time studies as substantive evidence and not "solely for impeachment."

Defendants have not cited any authority supporting their errant reading of Rule 26(a)(1), nor could they. At oral argument, defense counsel attempted to justify the treatment of the

time studies as impeachment evidence by asserting that the time studies will impeach plaintiffs by showing that they are exaggerating the time they spent on certain tasks. This is unavailing, on two grounds. First, defendants have *already* used the time studies as substantive evidence. Second, the federal courts have rejected this reading of the impeachment exception, because it ignores the word "solely" in Rule 26(a)(1). Courts construing the scope of the impeachment exception have labeled it "narrow." *See, e.g., F.T.C. v. Nat'l Urological Grp.*, 645 F. Supp. 2d 1167, 1180 (N.D. Ga. 2008). Because the exception applies only to evidence used "solely" for impeachment, "evidence that serves both impeachment and substantive purposes falls outside these exceptions." *Hicks v. United States*, 85 Fed. Cl. 634, 635 (2009). Courts recognize that most substantive evidence will have the added possible effect of impeaching the opponent's case by contradiction. *Id.*, n.1. If a document has some impeachment value, but also has independent relevance to the merits of the case, the document is not "solely" for impeachment and must be disclosed. *See Klonski v. Mahlab*, 156 F.3d 255, 270 (1st Cir. 1998) (impeachment evidence that is in part substantive did not fall under the "solely for impeachment" exceptions of Rule 26(a)); *Wilson v. AM Gen. Corp.*, 167 F.3d 1114, 1122 (7th Cir. 1999) (undisclosed witnesses possessing substantive knowledge of party's defenses were not "solely for impeachment" and should have been disclosed under Rule 26); *Elion v. Jackson*, 544 F. Supp. 2d 1, 6 (D.D.C. 2008); *see also Calderon v. Corporacion Puertorrique a de Salad*, No. 12-1006, 2014 WL 171599, at * 3 n.1 (D.P.R. Jan. 16, 2014); *Silva v. TEK Systems*, No. 12-cv-5347, 2013 WL 3939500, at * 3 (N.D. Cal. July 25, 2013); *Robert Kubicek Architects & Assoc., Inc. v. Bosley*, No. CV11-2112, 2013 WL 998222, at * 2 (D. Ariz. Mar. 13, 2013). Simply put, the fact that substantive evidence may also have some impeachment value is no excuse for failure to disclose it. "Even those who have been most concerned about protecting impeachment material recognize that

substantive evidence must be subject to discovery even though it also tends to contradict evidence of the discovering party." 8 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE & PROCEDURE: § 2015 at 299 (3d ed. 2010).

Defendants' failure to disclose the time studies was a patent violation of Rule 26(a). Their reliance on the impeachment exception to Rule 26(a)(1)'s disclosure requirements was not substantially justified, as their position has been rejected by every court that has addressed the question. Second, and independent, is defendants' failure to authenticate these time studies or to establish that they are admissible under an exception to the hearsay rule, even after plaintiffs objected.[1] The Sixth Circuit has repeatedly admonished that documents presented to the court in support of dispositive motions must be authenticated. *Alexander v. CareSource*, 576 F.3d 551, 558-59 (6th Cir. 2009) (collecting cases); *accord, Automotive Support Grp., LLC v. Hightower*, 503 F. App'x 411, 418 (6th Cir. 2012) (neither unauthenticated documents nor hearsay evidence can be considered on a motion for summary judgment).

## **Remedy**

Rule 37(c)(1) requires preclusion of the challenged time studies, in the absence of a showing by the offending party that the failure to disclose was substantially justified or is harmless. FED. R. CIV. P. 37(c)(1). With regard to the first time study, which was used to support defendants' motion for partial summary judgment, one could reasonably conclude that the nondisclosure was harmless, as the court has already denied that motion. With regard to the second time study,

---

[1] At oral argument, defense counsel admitted that the first time study (docket # 185-1, ID#s 2045-51) is incapable of authentication, as no one knows where it came from or who performed it. Defendants nevertheless attached it to their summary judgment brief and asked the court to rely on it to make findings in this case. Such conduct by counsel is incomprehensible.

plaintiffs have clearly been prejudiced by their inability to conduct any discovery concerning the study's origin or authenticity before it was submitted to the court in support of defendants' pending motion to decertify. The burden to show harmless under Rule 37(c)(1) is on the potentially sanctioned party. *See R.C. Olmstead, Inc. v. CU Interface, LLC*, 606 F.3d 262, 271-72 (6th Cir. 2010). Defendants have not established harmlessness, as the prejudice to plaintiffs is clear and remains uncured to this day.

The court is therefore required by Rule 37(c)(1) to sanction defendants by excluding the second time study from consideration in connection with defendants' pending motion to decertify the collective action. Future harm to plaintiffs can be eliminated, however, by curative action on defendants' part. If defendants amend their Rule 26(a)(1) disclosures to identify the time study and a witness or witnesses who can testify as to the study's methodology and authenticity, the prejudice to plaintiffs would be cured with regard to future proceedings, as plaintiffs will then be in a position to conduct appropriate discovery and rebut the time study. This court has not yet established discovery cutoff or trial dates, so plaintiffs will have time to conduct any necessary discovery and investigation. Therefore, if defendants promptly amend their Rule 26(a)(1) disclosures, the Rule 37(c)(1) sanction will not apply to use of the time study thereafter.[2]

Rule 37(c) empowers the court to order payment of the reasonable expenses, including attorney's fees, caused by the violation of a party's disclosure obligations. The imposition of monetary sanctions is clearly warranted in this case. Defendants withheld from disclosure two time studies on the excuse that they would be used "for impeachment only" and then attached the

---

[2] The lifting of the preclusive sanction under Rule 37(c)(1) does not necessarily mean that the time study will be admissible into evidence. It merely removes the sanction arising from nondisclosure.

time studies to dispositive motions, relying on them as substantive evidence.  Only after pointed inquiry by the court did defense counsel admit that the first study was an inadmissible piece of paper that could not be authenticated, after representing the contrary to the court.  With regard to the second time study, defendants steadfastly maintained that they had done nothing wrong.  Defendants' position is incoherent, lacks integrity, and is unsupported in law.  Although the court can prevent prejudice to plaintiffs by striking the time study from the present record and imposing Rule 37(c)(1) preclusive sanctions with regard to future use, plaintiffs were put to the trouble and expense of briefing and arguing a motion to enforce defendants' clear disclosure obligations.  Monetary sanctions must therefore be awarded.  Plaintiffs will be directed to submit a bill of costs, to which defendants will have an opportunity to lodge objections.

An order will enter consistent with this memorandum opinion.

Dated:  February 3, 2014                    /s/  Joseph G. Scoville_____
                                            United States Magistrate Judge