UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BASHIR TOLIVER, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>JBS PLAINWELL, INC., et al., )<br>)<br>Defendants. )<br>_____ ) | Case No. 1:11-cv-302<br><br>Honorable Paul L. Maloney<br><br>**MEMORANDUM OPINION** |

   This is a conditionally certified collective action brought under the Fair Labor Standards Act, in which plaintiffs allege that they were not properly paid for time spent donning, doffing, and cleaning safety and sanitary equipment that they were required to wear while working in defendants' meat-processing facility. After the court granted plaintiffs' motion for conditional certification of a collective action, 29 U.S.C. § 216(b), over 60 plaintiffs filed written consents. On May 22, 2014, defendants served on plaintiffs' counsel requests for admissions directed to each of 66 plaintiffs. Each plaintiff was asked to admit or deny certain basic factual propositions relevant to their FLSA claims. On June 4, 2014, defendants served interrogatories directed to five plaintiffs. The interrogatories seek three categories of basic information: exact dates of employment, last rate of pay and each position and rate of pay held while employed by defendant.

   Presently pending before the court is plaintiffs' motion for an extension of time of 45 days in which to answer or object to the requests for admissions and interrogatories. The motion is purportedly brought under Rule 26(c), which allows the court to enter a protective order to protect

a party from undue burden or expense.  Plaintiffs argue that the "sheer volume" of the discovery requests creates an undue burden, as counsel is required to "locate 66 opt-ins, gather the needed information, add the appropriate objections and serve the responses and objections upon Defendants within a brief 30-day window." (Brief at 3, docket # 204).  Plaintiffs also point to a language barrier impeding their efforts. (*Id.*).  Defendants oppose the motion, arguing that plaintiffs have not articulated specific facts clearly showing a defined and serious injury resulting from the discovery sought.  Upon review of the submissions of the parties, the court concludes that oral argument would not be helpful and would merely delay resolution of this matter.  *See* W.D. MICH. LCIVR 7.4(d).

## **Discussion**

The time in which a party may answer or object to discovery requests is established by the Federal Rules of Civil Procedure.  With regard to interrogatories, the responding party must answer or object within thirty days after being served with the interrogatories, but a "shorter or longer time may be stipulated to under Rule 29 or be ordered by the court."  FED. R. CIV. P. 33(d)(2).  With regard to requests for admissions, a matter is deemed admitted unless within thirty days after being served the party serves on the requesting party a written answer or objection.  Again, a shorter or longer time for responding "may be stipulated to under Rule 29 or be ordered by the court."  FED. R. CIV. P. 36(a)(3).  The standards for all extensions of time, unless otherwise provided by the rules, are set forth in Fed. R. Civ. P. 6(b).  That rule provides that when an act may or must be done within a specified time, the court may "for good cause" extend the time with or without motion or notice if the request is made before the original time expired.  FED. R. CIV. P. 6(b)(1)(A).  After the time has expired, the standard is excusable neglect.  FED. R. CIV. P. 6(b)(1)(B).  These rules invest the court

with discretion to extend the time to respond to discovery requests as a matter of good case management. *See EEOC v. New Enterprise Stone & Lime Co., Inc.*, 74 F.R.D. 628, 630 (E.D. Pa. 1977); *United States v. A.B. Dick Co.*, 7 F.R.D. 442, 443 (N.D. Ohio 1947).

Both attorneys in this case have relied on inapplicable rules and irrelevant authority in arguing their positions. Plaintiffs were not required to move for a protective order under Rule 26(c) for the mere purpose of seeking an extension of time. Rules 33(d)(2) and 36(a)(3) provide ample authority. Likewise, defense counsel relies on inapposite cases in arguing that a mere extension of time to answer discovery must be supported by "specific facts showing clearly defined and serious injury." (Brief at 5, docket # 206) (quoting *Galaviz-Zamora v. Brady Farm, Inc.*, 230 F.R.D. 499, 501 (W.D. Mich. 2005)). The cases relied on by defendants involve a party's request to be relieved of the obligation to submit to deposition or to divulge certain information altogether. They have no application to a request for a mere extension of time.[1]

The governing discretionary standard, then, is "good cause" as required by Fed. R. Civ. P. 6(b)(1)(A), as plaintiffs sought relief before the expiration of the relevant time period. Plaintiffs have not made a convincing case of good cause to support the requested 45-day extension. Plaintiffs' argument concerning the "sheer volume" of defendants' discovery does not withstand scrutiny. Defendants propounded a limited number of interrogatories and requests for admissions to each plaintiff. The discovery requests were narrowly tailored to uncover facts basic to each plaintiff's claim. The fact that there are 66 plaintiffs who have opted to join this case is of little

---

[1] In addition to citing and belaboring the wrong legal standard, defendants' brief makes repetitive arguments, causing the brief to exceed the ten-page limit imposed by this court's Local Rule for briefs on nondispositive matters. *See* W.D. MICH. LCIVR 7.3(b). Defense counsel is admonished to pay closer attention to the requirements of this court's Local Rules. Future infractions may result in the imposition of sanctions.

moment. Plaintiffs' counsel actively pursued collective action treatment under section 216(b). The courts have made it clear that a collective action under the FLSA is a fundamentally different creature than a Rule 23 class action. *See Cameron-Grant v. Maxim Healthcare Servs., Inc.*, 347 F.3d 1240, 1249 (11th Cir. 2003). A collective action is more akin to permissive joinder, as all employees similarly situated are allowed to join their cases in one action. *See Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 196 (S.D.N.Y. 2006). Hence, so-called "opt-in" plaintiffs are true plaintiffs, not absent class members. As plaintiffs, they are obliged to participate in discovery, just like any other plaintiff. The fact that there are over sixty plaintiffs entitles plaintiffs' counsel to some consideration with regard to the time necessary to contact all parties and assemble their answers. The number of plaintiffs, however, does not create an "undue" burden. Any burden was willingly undertaken by plaintiffs' counsel in seeking collective action status. If counsel did not have the capability of dealing with a large number of plaintiffs, collective action status should not have been sought. And the language barrier, which might be an impediment in some cases, is not in this case, as plaintiffs' attorneys include at least one fluent Spanish speaker.

Furthermore, plaintiffs' counsel has not attempted to explain to the court why any extension of time is necessary to lodge objections to defendants' discovery requests. It should not be necessary to contact the client in order for counsel to make a legal judgment whether a particular discovery request is objectionable.

Plaintiffs have not shown good cause for a 45-day extension of time in which to respond to discovery. The discovery period in this case closes on September 1, 2014. In these circumstances, the 45-day period is excessive, as little time would be left for follow-up. Furthermore, there is no reason why counsel cannot lodge immediate objections to any allegedly

inappropriate discovery request, so that the court can resolve the dispute before the close of discovery.[2]

The court will require plaintiffs to answer defendants' requests for admission and interrogatories no later than July 25, 2014.  All objections must be lodged no later than July 11, 2014.


Dated:  July 2, 2014                                 /s/  Joseph G. Scoville
                                                     United States Magistrate Judge

---

[2] Defendants object to the responses given by plaintiffs' counsel to many of the requests to admit.  Because plaintiffs' counsel has been unable to reach some clients, counsel have responded that they are unable to admit or deny the matter asserted.  Defendants' dissatisfaction with such answers ir properly raised in a motion to determine the sufficiency of answers under Rule 36(a)(6), not in a response to a motion for extension of time.